**Murray Kamionski-State Bar No. 221520**
Law Offices of Murray Kamionski
6262 Glade Ave.
Woodland Hills, CA 91367
*mkamionski@yahoo.com*
P: (818) 609-1795

**Nathan & Kamionski LLP**
Avi T. Kamionski (PHV)
*akamionski@nklawllp.com*
Shneur Nathan (PHV)
*snathan@nklawllp.com*
Matthew Hoff (PHV)
*mhoff@nklawllp.com*
Breana L. Brill (PHV)
*bbrill@nklawllp.com*
206 S. Jefferson St.
Chicago, IL 60661
P: (312) 612-1928

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SOLORIO,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>                    Defendants. | Case No.  2:25-CV-06918-SK<br><br>**RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

-1-

COMES NOW Defendant, the County of Los Angeles (the "County" or "Defendant"), and in response to Plaintiff's Response to the Order to Show Cause (ECF 104, 105), states as follows:

1.      On July 28, 2025, Plaintiff Miguel Solorio ("Plaintiff"), filed his five-count complaint against the County and fourteen individual former and current Deputy Sheriffs of the Los Angeles County Sheriff's Department ("LASD"), including former deputies Kevin Lloyd ("Lloyd") and Ray Peavy ("Peavy"), arising out of his prosecution and conviction for the December 6, 1998, murder of Mary Ann Bramlett. (*See* ECF 1, *generally*).

2.      Kevin Lloyd died on July 20, 2024. The announcement of his passing is available publicly online at https://sheriffsrelief.org/fallen-officer/end-of-watch/lloyd-kevin-c/ and https://www.legacy.com/funeral-homes/obituaries/name/kevin-lloyd-obituary?pid=207324699&v=batesville&view=guestbook.

3.      Ray Peavy died on April 4, 2015. His obituary is available publicly online at https://www.legacy.com/us/obituaries/latimes/name/ray-peavy-obituary?id=16951332 and https://www.presstelegram.com/obituaries/raymond-h-peavy-long-beach-ca/.

4.      On October 23, 2025, counsel for defendants informed Plaintiff's counsel that both Kevin Lloyd and Ray Peavy were deceased. (Ex. 1, Oct. 23, 2025, Email Corr.)

5.      Because Plaintiff cannot "maintain a suit . . . against . . . a dead person," Plaintiff needed to substitute Lloyd and Peavy out with an estate representative or successor in interest. *LN Mgmt, LLC v. JP Morgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020); *Hastings v. Price*, 23-cv-09684-ODW (AGRx), 2024 WL 4843950, at *2 (C.D. Cal., Nov. 20, 2024). Thereafter, Plaintiff filed his amended complaint on December 1, 2025, naming, for the first time, the Estate of Kevin Lloyd and the Estate of Ray Peavy. (ECF 90).

RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

6.      Subsequently, at Plaintiff's request, summonses were issued for the Estates. (ECF 93, 94, 96, 97). However, these summonses were never served on any estate representative nor successor in interest for Kevin Lloyd or Ray Peavy. (*See* ECF 104).

7.      As a result, this Court issued an order on March 12, 2026, for Plaintiff to show cause on or before March 26, 2026, as to why the Estates should not be dismissed for lack of prosecution. (ECF 104). Specifically, this Court required Plaintiff to show that "service was effectuated within the 90 day deadline," or show "good cause for the failure to do so." (*Id.*).

8.      Plaintiff's March 26, 2026, response failed to show either that service was effectuated within the 90-day deadline, or that good cause existed for failing to do so. (*See* ECF 105). Plaintiff's response instead argues that Plaintiff was not required to serve the Estates of, or successors in interest for, Lloyd and Peavy, because Plaintiff intends to proceed only against the County as their insurer, and that service on the County for the Estates was sufficient under California Probate Code ("PC") Section 550. (*See id.*, *generally*).

9.      First, it should be noted that the only "service" Plaintiff is able to demonstrate he effectuated was through the Office of the Los Angeles County Counsel's Office. (ECF 105-1 at ¶¶ 5-7; ECF 105-3). However, Plaintiff offers no authority that this was even proper service on the County, let alone the Estates. In fact, in Plaintiff's own submissions to the Court, Plaintiff concedes that the County Counsel's Office informed Plaintiff they would not accept service. (ECF 105-1 at ¶¶ 5-7; ECF 105-3).

10.      Regardless of whether this Court deems such service was proper on the County, fatal to Plaintiff's response is that the County is not an "insurer" under PC Section 550, and thus Plaintiff's response relies upon wholly inapplicable law. Therefore, any alleged service on the County is insufficient service on the Estates under Fed. R. Civ. P. 4(m). *See Roberts v. County of Riverside*, 19-cv-1877-JGB (SHKx), 2021 WL 408138, at *3 (C.D. Cal., Jan. 14, 2021) (service on indemnitor was not sufficient service on estates

under Rule 4(m)). Indeed, Plaintiff has not shown, nor can he, that the County is an insurer or that any insurance applies to Plaintiff's claims against the Estates.

11. Plaintiff makes no allegations in his complaint that insurance covers Plaintiff's claims against the Estates. (*See* ECF 90, *generally*). And the only allegations in Plaintiff's complaint related to indemnification are: (i) that the County operates the LASD, (ii) that LASD is or was the employer of each "individually-named Defendant," and (iii) that the County is responsible for "indemnifying judgments against the Officer Defendants." (*Id.* at ¶ 14).

12. The County is not an insurer of Lloyd's or Peavy's Estates. Rather, under California Government Code Section 825, the Estates have a right to request that the County defend them against Plaintiff's claims *if* certain provisions are met under Section 825. Thus, indemnity is not automatic, (*see* Gov. Code § 825), and the County is a potential *indemnitor* of the Estates, not an insurer.

13. Plaintiff cites to three cases over a decade old in support of his proposition that he may serve and proceed against the County only as an insurer of the Estates under PC Section 550: *O'Connell v. Smith*, 13-cv-01905-MWF (PJWx), 2013 WL 12348851 (C.D. Cal., Sept. 23, 2013); *Shortt v. County of Los Angeles*, 11-cv-5484-DSF (JCGx), 2012 WL 13168214 (C.D. Cal., June 14, 2012); and *Pelayo v. City of Downey*, 570 F.Supp.2d 1183 (C.D. Cal. 2008).

14. The *Pelayo* decision refutes, rather than supports, Plaintiff's contention that he can simply name an estate and serve the County with a summons. *See Pelayo*, 570 F.Supp.2d at 1199. Specifically, the court in *Pelayo* granted summary judgment for the defendant estate because the plaintiff failed to show he could recover damages on his claims under any insurance policy. *Id*. Rather, the court noted, the plaintiff *was required to identify and serve either the representative of the decedent's estate or the recipient of his property*, so that the individual could have requested indemnity under Government Code Section 825. *Id*. (emphasis added). In particular, the court held that allowing the

RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

plaintiff to skip this step would effectively permit the plaintiff to recover directly from the city for the decedent's actions, which was strictly prohibited under *Monell*. *Id.* (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978)).

15.     And while *O'Connell* and *Shortt* did find PC Section 550 applied, more recently, several courts in this district have held that indemnity *does not* equate to insurance, and thus, PC Section 550, *et. seq*. does not apply, rather, California Code of Civil Procedure ("CCP") Section 366.2 applies. *See e.g. Coley v. Ventura City*, 18-cv-10385-PA (JDEx), 2019 WL 7905740, at *6 (C.D. Cal., Sept. 24, 2019) (indemnification is not insurance, thus, Section 550 did not apply); *Hanline v. County of Ventura*, 15-cv-8808-VAP (AJWx), 2016 WL 3360672, at *3 (C.D. Cal., June 8, 2016) ("The practice [p]laintiff describes is indemnification, not insurance. Indemnification is not an exception to section 550."); *Hastings*, 2024 WL 4843950, at *3-4 (CCP Section 366.2 applied to Plaintiff's 42 U.S.C. § 1983 claims, not PC Section 550); *Roberts*, 2021 WL 408138, at *3 (PC Section 550 did not apply to plaintiff's claims).

**Service on the County does not equate to service on the Estates under Rule 4(m)**

16.     In *Roberts*, the plaintiff advanced the same argument Plaintiff now seeks to advance here—that Section 550 of the PC applied to his cause of action, and thus, service on PRISM, a company that indemnified the defendants, was sufficient service on the deceased defendants' estates under Fed. R. Civ. P. 4(m). *Roberts*, 2021 WL 408138, at *3. The *Roberts* court rejected this argument, specifically noting that PRISM was a Joint Powers Authority that indemnified the deceased defendants, not an insurer. *Id.* Because PRISM was an indemnitor, not an insurer, and "[i]ndemnification is not an exception to [Probate Code] section 550," the court found that service on PRISM for the deceased defendants was improper.  *Id.* (quoting *Hanline*, 2016 WL 3360672, at *3).

17.     Here, as noted above, (*supra* at ¶¶10-11),  the County is a potential indemnitor of the Estates in this case, not an "insurer" within the meaning of PC Section 550. As such,

RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

any alleged service on the County was improper service under Rule 4(m) and Plaintiff has failed to effectuate service on the Estates. *See Roberts*, 2021 WL 408138, at *3; *see also Coley*, 2019 WL 7905740, at *6; *Hanline*, 2016 WL 3360672, at *3; *Hastings*, 2024 WL 4843950, at *3-4. Not to mention, as noted in *Pelayo*, allowing Plaintiff to proceed against the County without having found and named either a representative of Lloyd's or Peavy's estates, or next-of-kin, and without those individuals requesting indemnification from the County, would run afoul of *Monell*'s prohibition of vicarious liability against a municipality. *See Pelayo*, 570 F.Supp.2d at 1199.

**Plaintiff failed to show good cause for an extension to serve, and such attempts would be futile.**

18.    Because the alleged service on the County was improper, Plaintiff must show good cause for failure to serve the Estates. (*See* ECF 104). While it is unclear from Plaintiff's response if he is seeking any extension to serve the proper parties here—that is the Estates of, or successors in interest to, Lloyd and Peavy—Plaintiff has nonetheless failed to show good cause for his failure to serve either, and any such an extension to do so would be futile. *See Roberts*, 2021 WL 408138, at *3 (any request for an extension to re-effectuate service would be futile).

19.    Under Rule 4(m), it is Plaintiff's burden to show good cause for failing to serve a defendant. *Roberts*, 2021 WL 408138, at * 2 (citing *Tucker v. City of Santa Monica*, No. CV 12–5367-FMO (MAN), 2013 WL 653996, at *2 (C.D. Cal., Feb. 20, 2013)). "The good cause exception applies only in limited circumstances and is not satisfied by 'inadvertent error or ignorance of the governing rules.'" *Roberts*, 2021 WL 408138, at * 2 (internal quotations omitted) (citing *Tucker*, 2013 WL 653996, at *2); *see also Townsel v. County of Contra Costa*, 820 F.2d 319, 320-21 (9th Cir. 1987). Courts may also consider factors "like a statute of limitations bar . . ." when determining whether to extend time to serve a defendant. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

20.     Here, Plaintiff submitted an affidavit from Bethan Gee documenting attempts to locate Estates and/or next-of-kin for Lloyd and Peavy and subsequent service efforts. (*See* ECF 105-1). The affidavit describes two searches, one on the probate docket and one through the Odyssey portal, which were made on October 17, 2025, to find potential next-of-kin or an estate for Peavy, and two searches, one on the probate docket and one through the Odyssey portal, which were made on October 28, 2025, to find potential next-of-kin or an estate for Lloyd. (*Id.* at ¶¶ 2-3). Plaintiff concedes in his response that the County informed Plaintiff on December 29, 2025, that it would not accept service on behalf of the Estates. (ECF 105 at ¶ 14, *see also* ECF 105-1 at ¶¶ 5-7; ECF 105-3). Yet, Plaintiff's only attempts at service were made on various County offices, not the Estates. (ECF 105 at ¶¶ 16-17; ECF 105-1 at ¶¶ 5-7; ECF 105-3). Thus, Plaintiff has made no attempts to serve the Estates or next-of-kin for Lloyd or Peavy for over three months *after* he was notified the County would not accept service. This does not establish good cause.

21.     In addition, not only has Plaintiff failed to show good cause, but any extension to serve the correct parties would be futile. As noted above, it is CCP Section 366.2, not PC Section 550, that applies to Plaintiff's claims. (*Supra* at ¶¶ 10-12).

22.     CCP Section 366.2 requires Plaintiff to bring his claims against Lloyd and Peavy, "'one year after the date of [defendant's] death,' regardless of the claim's accrual." *Hastings*, 2024 WL 4843950, at *3 (citing CCP § 366.2(a); *Coley*, 2019 WL 7905740, at *6).

23.     As noted above, Lloyd died on July 20, 2024. Thus, to be timely, Plaintiff would have needed to file his complaint against Lloyd no later than July 20, 2025. *See* CCP § 366.2(a). However, Plaintiff did not file his complaint until July 28, 2025, (ECF 1), eight days too late. Peavy died on April 4, 2015. Thus, to be timely, Plaintiff would have needed to file his complaint against Peavy no later than April 4, 2016. *See* CCP § 366.2(a). However, Plaintiff did not file his complaint until July 28, 2025, (ECF 1), nine years and three months too late.

-7-

RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

24.    Therefore, not only does Plaintiff fail to demonstrate good cause to extend the time to serve the Estates of, or successors in interest to, Lloyd and Peavy, any such extension would be futile as Plaintiff's claims against them are plainly time barred. *See Hastings*, 2024 WL 4843950, at *3-5 (finding amendment to complaint would be futile where CCP section 366.2's one year statute of limitations barred recovery against estate).

25.    Thus, this Court should find that Plaintiff failed to show cause as to why the Estate of Kevin Lloyd and Estate of Ray Peavy should not be dismissed for lack of prosecution, and as a result, such parties should be dismissed.

DATED: April 10, 2026                NATHAN & KAMIONSKI LLP


*/s/ Matthew Hoff*
Avi T. Kamionski
Shneur Nathan
Matthew Hoff
Breana L. Brill
Nathan & Kamionski, LLP
575 South Charles Street, Suite 402
Baltimore, Maryland 21201
410-630-4753
mhoff@nklawllp.com
bbrill@nklawllp.com

***Attorneys for Defendant***
***County of Los Angeles***

RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Central District of California – by using the CM/ECF system on April 10, 2026.

I hereby certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

Executed on April 10, 2026, at Baltimore, Maryland.

> _/s/ Eloise Hanley_
> Eloise Hanley

RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE